UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

ROGELIO P. FARNACIO,                )
                                    )   No. 11-CV-065-JPH
           Plaintiff,               )
                                    )
v.                                  )   ORDER GRANTING DEFENDANT'S
                                    )   MOTION FOR SUMMARY
MICHAEL J. ASTRUE,                  )   JUDGMENT AND DENYING
Commissioner of Social Security,    )   PLAINTIFF'S MOTION FOR
                                    )   SUMMARY JUDGMENT
           Defendant.               )
                                    )
                                    )
                                    )

    BEFORE THE COURT are cross-Motions for Summary Judgment. (Ct. Rec.16, 18.) Attorney Maureen J. Rosette represents plaintiff; Special Assistant United States Attorney Richard M. Rodriguez represents defendant. The parties have consented to proceed before a magistrate judge. (Ct. Rec. 7.) After reviewing the administrative record and briefs filed by the parties, the court **GRANTS** defendant's Motion for Summary Judgment and **DENIES** plaintiff's Motion for Summary Judgment.

## JURISDICTION

    Plaintiff Rogelio P. Farnacio (plaintiff) protectively filed for supplemental security income (SSI) and disability insurance benefits (DIB) on May 25, 2005. (Tr. 138, 146, 155.) Plaintiff alleged an onset date of January 1, 2003. (Tr. 138, 146 .) Benefits were denied initially and on reconsideration. (Tr. 99, 102, 108, 111.) Plaintiff requested a hearing before an administrative law judge (ALJ), which was held before ALJ Paul T. Hebda on September 15, 2009. (Tr. 63-94.) Plaintiff was represented by counsel and testified at the hearing. (Tr.66-86.) Vocational expert Debra LaPoint also testified. (Tr. 87-93.) The ALJ denied benefits (Tr. 42-53) and the Appeals Council denied review. (Tr. 26.) The matter is now before

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -1

1   this court pursuant to 42 U.S.C. § 405(g).

2                          **STATEMENT OF FACTS**

3        The facts of the case are set forth in the administrative hearing transcripts, the ALJ's decision, and

4   the briefs of plaintiff and the Commissioner, and will therefore only be summarized here.

5        Plaintiff was 48 years old at the time of the hearing. (Tr. 66.) He went to school through the

6   eleventh grade. (Tr. 67.) He has work experience as a packager and machine sander and has done odd

7   jobs. (Tr. 67-69.) Plaintiff testified he stopped working because of pain in his leg from an old gunshot

8   wound. (Tr. 69.) He testified that over time, his leg has gotten worse. (Tr. 70.) In the winter, it is difficult

9   to bend the leg. (Tr. 70.) He gets a lot of swelling, arthritis and very sharp pains on occasion. (Tr. 70.)

10   Plaintiff testified he cannot bend his leg very well but he can straighten it with pain. (Tr. 70.) His left leg

11   is shorter than his right, but lifts do not help. (Tr. 72.) He uses a cane. (Tr. 75.) He also has low back pain.

12   (Tr. 72.) He lays down to elevate his leg four to five times per day for half an hour at a time. (Tr. 77.) A

13   total knee replacement has been recommended by plaintiff's physician. (Tr. 77.) He uses a knee brace

14   which helps a little with walking, stability, pain and swelling. (Tr. 82.) Plaintiff testified he has anxiety,

15   depression, schizophrenia, paranoia, insomnia and hears voices. (Tr. 78.) He takes medications to help

16   with his mental health problems but they do not really help. (Tr. 78.) He testified his anxiety makes him

17   very tired. (Tr. 78.)

18                         **STANDARD OF REVIEW**

19        Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C.

20   § 405(g). A Court must uphold the Commissioner's decision, made through an ALJ, when the

21   determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler,*

22   760 F. 2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F. 3d 1094, 1097 (9th Cir. 1999). "The

23   [Commissioner's] determination that a claimant is not disabled will be upheld if the findings of fact are

24   supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (*citing* 42

25   U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d

26   1112, 1119 n. 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-

27   602 (9th Cir. 1989); *Desrosiers v. Secretary of Health and Human Services,* 846 F.2d 573, 576 (9th Cir.

28   1988). Substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -2

1   to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971) (citations omitted). "[S]uch

2   inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be

3   upheld. *Mark v. Celebrezze,* 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record

4   as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877

5   F.2d 20, 22 (9th Cir. 1989) (*quoting Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

6          It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson*, 402

7   U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its

8   judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579

9   (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the

10  proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v.*

11  *Sec'y of Health and Human Services,* 839 F.2d 432, 433 (9th Cir. 1988). Thus, if there is substantial

12  evidence to support the administrative findings, or if there is conflicting evidence that will support a

13  finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v.*

14  *Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

15                              **SEQUENTIAL PROCESS**

16         The Social Security Act (the "Act") defines "disability" as the "inability to engage in any

17  substantial gainful activity by reason of any medically determinable physical or mental impairment which

18  can be expected to result in death or which has lasted or can be expected to last for a continuous period

19  of not less than 12 months." 42 U.S.C. §§ 423 (d)(1)(A), 1382c (a)(3)(A). The Act also provides that a

20  plaintiff shall be determined to be under a disability only if his impairments are of such severity that

21  plaintiff is not only unable to do his previous work but cannot, considering plaintiff's age, education and

22  work experiences, engage in any other substantial gainful work which exists in the national economy. 42

23  U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and

24  vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

25         The Commissioner has established a five-step sequential evaluation process for determining

26  whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if he or she is

27  engaged in substantial gainful activities. If the claimant is engaged in substantial gainful activities,

28  benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I).

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -3

If the claimant is not engaged in substantial gainful activities, the decision maker proceeds to step two and determines whether the claimant has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied.

If the impairment is severe, the evaluation proceeds to the third step, which compares the claimant's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled.

If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents the claimant from performing work he or she has performed in the past. If plaintiff is able to perform his or her previous work, the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, the claimant's residual functional capacity ("RFC") assessment is considered.

If the claimant cannot perform this work, the fifth and final step in the process determines whether the claimant is able to perform other work in the national economy in view of his or her residual functional capacity and age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon the claimant to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once the claimant establishes that a physical or mental impairment prevents him from engaging in his or her previous occupation. The burden then shifts, at step five, to the Commissioner to show that (1) the claimant can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -4

**ALJ'S FINDINGS**

At step one of the sequential evaluation process, the ALJ found plaintiff did not engage in substantial gainful activity since July 1, 2003, the alleged onset date. (Tr. 44.) At step two, the ALJ found plaintiff has the following severe impairment: osteoarthrosis and allied disorder status post gunshot wound to left knee. (Tr. 44.) At step three, the ALJ found plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. (Tr. 47.) The ALJ then determined:

> [T]he claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except he can stand and/or walk for two hours and sit for six hours in an eight-hour day with normal breaks; he cannot operate foot controls either by pushing or pulling; he cannot climb ladders, ropes or scaffolds; he can occasionally stoop, kneel, crouch, crawl and climb ramps or stairs; and he must avoid vibration, moving machinery, and unprotected heights.

(Tr. 47.) At step four, the ALJ found plaintiff is capable of performing past relevant work (Tr. 51.) Alternatively, after considering plaintiff's age, education, work experience, residual functional capacity and the testimony of a vocational expert, the ALJ determined there are other jobs existing in the national economy that plaintiff can perform. (Tr. 51.) Thus, the ALJ concluded plaintiff has not been under a disability as defined in the Social Security Act from July 1, 2003 through the date of the decision. (Tr. 53.)

**ISSUES**

The question is whether the ALJ's decision is supported by substantial evidence and free of legal error. Specifically, plaintiff asserts the ALJ: (1) failed to properly consider and assign weight to the medical evidence; and (2) erred at step two by finding no severe mental impairment. (ECF No. 17 at 10-19.) Defendant argues the ALJ: (1) made a proper step two finding; and (2) properly evaluated the medical evidence . (ECF No. 19 at 6-15.)

**DISCUSSION**

**1.      Step Two**

Plaintiff argues the ALJ should have determined he has a severe mental impairment at step two. (ECF No. 17 at 17-18.) At step two of the sequential process, the ALJ must determine whether Plaintiff suffers from a "severe" impairment, i.e., one that significantly limits his or her physical or mental ability

to do basic work activities. 20 C.F.R. § 416.920©. To satisfy step two's requirement of a severe impairment, the claimant must prove the existence of a physical or mental impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings; the claimant's own statement of symptoms alone will not suffice. 20 C.F.R. § 416.908. The fact that a medically determinable condition exists does not automatically mean the symptoms are "severe" or "disabling" as defined by the Social Security regulations. *See e.g. Edlund*, 253 F.3d at 1159-60; *Fair*, 885 F.2d at 603; *Key v. Heckler*, 754 F.2d 1545, 1549050 (9th Cir. 1985).

The Commissioner has passed regulations which guide dismissal of claims at step two. Those regulations state an impairment may be found to be not severe when "medical evidence establishes only a slight abnormality or a combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work." S.S.R. 85-28. The Supreme Court upheld the validity of the Commissioner's severity regulation, as clarified in S.S.R. 85-28, in *Bowen v. Yuckert*, 482 U.S. 137, 153-54 (1987). "The severity requirement cannot be satisfied when medical evidence shows that the person has the ability to perform basic work activities, as required in most jobs." S.S.R. 85-28. Basic work activities include: "walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; seeing, hearing, and speaking; understanding, carrying out and remembering simple instructions; responding appropriately to supervision, coworkers and usual work situations; and dealing with changes in a routine work setting." *Id.*

Further, even where non-severe impairments exist, these impairments must be considered in combination at step two to determine if, together, they have more than a minimal effect on a claimant's ability to perform work activities. 20 C.F.R. § 416.929. If impairments in combination have a significant effect on a claimant's ability to do basic work activities, they must be considered throughout the sequential evaluation process. *Id.*

The ALJ thoroughly analyzed the evidence of plaintiff's mental impairments and the four broad functional areas set out in the disability regulations for evaluating mental disorders over more than two pages of the decision. (Tr. 45-47, 50.) Plaintiff cites evidence of diagnoses and evaluations which were

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -6

discussed by the ALJ without identifying any specific errors in the ALJ's analysis of the evidence.[1] (ECF No. 17 at 17.) The ALJ's step two findings are supported by substantial evidence in the record, including a diagnosis of malingering of severe mental illness which is well-supported by objective test results. (Tr. 45-47, 586-90.) The court declines to further address plaintiff's step two argument which was not argued with specificity. *See Carmickle v. Commissioner, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008).[2]

## 2.    Opinion Evidence

Plaintiff argues the ALJ failed to properly consider and weigh the medical opinion evidence. (ECF No. 11-17.) In disability proceedings, a treating physician's opinion carries more weight than an examining physician's opinion, and an examining physician's opinion is given more weight than that of a non-examining physician. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004); *Lester v. Chater*, 81

---

[1]Plaintiff also cites as supporting evidence the evaluation of Dr. Mabee dated January 7, 2010 without acknowledging this evidence did not exist at the time of the ALJ's October 23, 2009 decision. (ECF No. 17 at 17-18, Tr. 628-36.) Because the Appeals Council considered Dr. Mabee's assessment in denying plaintiff's request for review, it is properly considered by the court. *See Harman v. Apfel*, 211 F.3d 1172, 1180 (9th Cir. 2000)*; Ramirez v. Shalala*, 8 F.3d 1449, 1452 (9th Cir. 1993). However, nothing in Dr. Mabee's report suggests the ALJ's step two findings would be different had Dr. Mabee's report been available at the time of the decision or otherwise justifies remand.

[2]Plaintiff asserts generally the ALJ did not set forth reasons for rejecting the opinions of Dr. Forsyth, Dr. Rosales, Dr. Mabee, or the opinions from Family Service Spokane. (ECF No. 17 at 18.) An incantation that a physician's report is rejected is not required; the court may draw reasonable inferences from the ALJ's discussion of a particular physician's report. *See Magallenes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989). The ALJ discussed the opinions before him in detail and rationally applied them to the step two finding. (Tr. 45-47, 50.) The ALJ made a negative credibility finding which is not challenged by plaintiff and Dr. Forsyth diagnosed malingering of a severe mental illness. (Tr. 45-47, 50, 586-90.) Furthermore, plaintiff bears the burden of establishing a severe impairment at step two. *Edlund v. Massanari*, 253 F.3d 1152, 1159-60 (9th Cir. 2001.) Plaintiff has not argued or demonstrated how the step two finding is erroneous, other than to cite generally to evidence in the record discussed by the ALJ.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -7

F.3d 821, 830 (9th Cir. 1995). If the treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester*, 81 F.3d at 830. If contradicted, the opinion can only be rejected for "specific" and "legitimate" reasons that are supported by substantial evidence in the record. *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995). Historically, the courts have recognized conflicting medical evidence, the absence of regular medical treatment during the alleged period of disability, and the lack of medical support for doctors' reports based substantially on a claimant's subjective complaints of pain as specific, legitimate reasons for disregarding a treating or examining physician's opinion. *Flaten v. Secretary of Health and Human Servs.*, 44 F.3d 1453, 1463-64 (9th Cir. 1995); *Fair*, 885 F.2d at 604.

If a treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). However, if contradicted, the ALJ may reject the opinion if he states specific, legitimate reasons that are supported by substantial evidence. *See Flaten v. Secretary of Health and Human Serv.*, 44 F.3d 1453, 1463 (9th Cir. 1995) (citing *Magallanes v. Bowen*, 881 F.2d 747, 753 (9th Cir. 1989); *Fair v. Bowen*, 885 F.2d 597, 605 (9th Cir. 1989).

    a.    **Brandi DeSaveur, PA-C**

Plaintiff argues the ALJ should have given weight to the opinion of Brandi DeSaveur, PA-C, that plaintiff is severely limited. (ECF No. 17 at 15.) Ms. DeSaveur examined plaintiff and completed a DSHS Physical Evaluation form on March 3, 2008. (Tr. 354, 358-61.) Ms. DeSaveur indicated plaintiff is unable to perform the work-related activities of standing, walking, lifting and carrying due to limited mobility and pain in his left knee. (Tr. 360.) She opined plaintiff is "severely limited," or unable to lift at least two pounds or unable to stand and/or walk. (Tr. 360.)

As a physician's assistant, Ms. DeSaveur's opinion is not the opinion of an acceptable medical source. "Other sources" include nurse practitioners, physicians' assistants, therapists, teachers, social workers, spouses and other non-medical sources. 20 C.F.R. §§ 404.1513(d), 416.913(d). The opinion of an acceptable medical source is given more weight than that of an "other source." 20 C.F.R. §§ 404.1527, 416.927; *Gomez v. Chater*, 74 F.3d 967, 970-71 (9th Cir. 1996). However, the ALJ is required to "consider observations by non-medical sources as to how an impairment affects a claimant's ability to

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -8

1   work." *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987). Non-medical testimony can never

2   establish a diagnosis or disability absent corroborating competent medical evidence. *Nguyen v. Chater*,

3   100 F.3d 1462, 1467 (9th Cir. 1996). Pursuant to *Dodrill v. Shalala*, 12 F.3d 915 (9th Cir. 1993), an ALJ

4   is obligated to give reasons germane to "other source" testimony before discounting it.

5        The ALJ did not specifically mention Ms. DeSaveur's DSHS form opinion, but generally stated

6   that "non-accepted medical opinions" were discounted where appropriate. (Tr. 50.) The ALJ also

7   concluded the evidence as a whole did not support opinions stating plaintiff was completely able to work.

8   (Tr. 51.) Inconsistency with medical evidence is a germane reason for rejecting lay witness evidence.

9   *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005). Thus, the ALJ gave a germane reason for

10  rejecting Ms. DeSaveur's opinion and the ALJ did not err.

11       Plaintiff relies on *Gomez v. Chater*, 74 F.3d 967, 971 (9th Cir. 1996) and asserts that "a nurse

12  practitioner, working in conjunction with a physician, constitutes an acceptable medical source, while a

13  nurse practitioner working on his or her own does not." (ECF No. 17 at 15.) Plaintiff argues the ALJ was

14  required to provide specific, legitimate reasons supported by substantial evidence in rejecting Ms.

15  DeSaveur's opinion because she was "working in conjunction with Dr. Howlett." (ECF No. 17 at 15.)

16  The subsection of the regulation which was the basis of the *Gomez* finding regarding nurse practitioners

17  as acceptable medical sources when part of an interdisciplinary team was deleted by amendment in 2000.

18  65 Fed. Reg. 34950, 34952 (June 1, 2000). Under current regulations, physician assistants qualify only

19  as an "other source" to be considered. 20 C.F.R. §§ 404.1513(d), 416.913(d). There is no provision for

20  a physician assistant to become an acceptable medical source when supervised by a physician or as part

21  of an interdisciplinary team. *Id.* Furthermore, although plaintiff asserts Ms. DeSaveur was working "in

22  conjunction with" Dr. Howlett, Dr. Howlett opined plaintiff was limited to sedentary work, not that he

23  was "severely limited" or unable to work. (Tr. 354, 483.) Ms. DeSaveur's opinion is not the functional

24  equivalent of Dr. Howlett's opinion in this case and there is no evidence that she consulted or worked as

25  closely with any other physician as the evidence reflected in *Gomez.* 74 F.3d at 971. As a result, *Gomez*

26  does not apply and the ALJ adequately rejected Ms. DeSaveur's assessment of plaintiff's work level by

27  supplying a germane reason.

28      **b.**    **Dr. Shanks**

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -9

Plaintiff argues the ALJ improperly rejected the opinion of Dr. Shanks, an orthopedist. (ECF No. 17 at 14.) Dr. Shanks examined plaintiff and completed a DSHS Physical Evaluation form on March 13, 2007.[3] (Tr. 317-22.) He diagnosed degenerative arthritis of the left knee and opined plaintiff's work level is "severely limited." (Tr. 318.) He indicated plaintiff is limited in balancing, climbing, crouching, kneeling and stooping. (Tr. 318.) Dr. Shanks stated, "It does not appear that this man could work at the present time in his present state." (Tr. 322.) He also noted that with treatment, plaintiff might reach a point where he could engage in some light or sedentary work as long as he did not have to be on his feet for an extended period of time. (Tr. 322.)

The ALJ indicated he was not persuaded by Dr. Shanks' opinion because it is inconsistent with reports from other physicians. (Tr. 49.) An ALJ may discredit treating physicians' opinions that are unsupported by the record as a whole or by objective medical findings. *Batson v. Comm'r, Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004). The ALJ pointed out that one month after Dr. Shanks' examination, plaintiff complained of a painful and swelling knee but had 60% relief with medication and he had not yet tried physical therapy. (Tr. 49, 311.) Plaintiff's balance, gait and coordination were intact, he had no sensory loss or motor weakness and he had normal mobility and curvature in his spine. (Tr. 313.) In June 2007, plaintiff ambulated well with his cane and his pain was well-controlled with medication. (Tr. 308-09.) Dr. Rutherford saw plaintiff in July 2007 and noted plaintiff's range of motion was from zero to 80 degrees, he had no effusion and no obvious mediolateral or anteroposterior ligament instability. (Tr. 307.) He also noted plaintiff's x-rays showed minimal if any degenerative changes. (Tr. 307.) In August 2007, plaintiff reported his pain was well-controlled with medication and he exercised once or twice a week. (Tr. 326.) The ALJ reasonably interpreted this evidence as conflicting with Dr. Shanks' assessment that plaintiff is "severely limited" and unable to work. As the ALJ pointed out, the evidence indicates plaintiff's left knee is problematic, but can be reasonably interpreted to indicate that plaintiff's knee is not as problematic as assessed by Dr. Shanks. (Tr. 49.) It is the ALJ's duty is to resolve evidentiary conflicts. *See Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1985). The court must uphold the

---

[3]It is noted the first page of the DSHS Physical Evaluation form completed by Dr. Shanks is missing from the record.

ALJ's decision when it is not based on legal error and is supported by substantial evidence. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). The ALJ's findings regarding Dr. Shanks are supported by substantial evidence and the opinion was properly rejected.

    **c.**    **Dr. Howlett**

Plaintiff argues the ALJ should have given more weight to the opinion of Dr. Howlett and that the ALJ failed to properly reject Dr. Howlett's opinion. (ECF No. 17 at 16.) In October 2007, Dr. Howlett performed arthroscopic surgery on plaintiff's knee. (Tr. 368-70.) Dr. Howlett indicated plaintiff has a "fair amount" of osteoarthritis in his knee. (Tr. 367.) A year later, in October 2008, Dr. Howlett noted plaintiff was still having significant pain and discomfort in his knee. (Tr. 483.) New x-rays demonstrated plaintiff had some definitive tricompartmental arthritis. (Tr. 483.) On exam, the overall knee alignment was reasonable and there was no effusion. (Tr. 483.) Dr. Howlett opined plaintiff was limited to sedentary work and could only do a desk-type job. (Tr. 483.) Dr. Howlett recommended total knee arthroplasty but thought it was prudent to wait due to plaintiff's age. (Tr. 483.) In August 2009, Dr. Howlett performed another arthoscopy on plaintiff's knee. (Tr. 607-09.) There was no evidence of any significant loose bodies or synovitis, but debridement of diffuse chondromalacia was necessary because of near complete cartilage loss. (Tr. 607.)

The ALJ acknowledged Dr. Howlett's findings but did not assign weight to Dr. Howlett's opinion that plaintiff was limited to sedentary or desk-type work. (Tr. 44, 50.) Defendant does not address the ALJ's treatment of Dr. Howlett's opinion other than to assert generally the ALJ's interpretation of the medical evidence is rational and must be upheld. (ECF No. 19 at 9-13.) However, even if the ALJ erred and Dr. Howlett's opinion that plaintiff is limited to sedentary work is credited, the vocational expert testified that, assuming plaintiff is unable to perform his past work, an individual with the RFC identified by the ALJ could perform work classified as sedentary. (Tr. 90.) The vocational expert gave several examples of jobs classified as sedentary either in the DOT or as performed existing in significant numbers in the national economy which plaintiff could perform. (Tr. 91-92.) The ALJ made alternative findings supporting the conclusion that even if Dr. Howlett's assessment of a limitation to sedentary work is credited, plaintiff is capable of work which exists in significant numbers in the national economy. As a result, any error in not assigning weight to or rejecting Dr. Howlett's opinion is harmless error because

the evidence supports the ALJ's "not disabled" finding even if Dr. Howlett's opinion is credited. *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1056 (9th Cir. 2006); *Burch v. Barnhart*, 400 F.3d 676, 682 (9th Cir. 2005); *Curry v. Sullivan*, 925 F.2d 1127, 1131 (9th Cir. 1990)(where corrected error does not change the outcome, the error is harmless).

### CONCLUSION

Having reviewed the record and the ALJ's findings, this court concludes the ALJ's decision is supported by substantial evidence and is not based on error.

Accordingly,

**IT IS ORDERED:**

1.      Defendant's Motion for Summary Judgment **(ECF No. 18)** is **GRANTED.**

2.      Plaintiff's Motion for Summary Judgment **(ECF No. 16)** is **DENIED**.

The District Court Executive is directed to file this Order and provide a copy to counsel for plaintiff and defendant. Judgment shall be entered for defendant and the file shall be **CLOSED**.

DATED September 12, 2012

S/ JAMES P. HUTTON<br>
UNITED STATES MAGISTRATE JUDGE

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -12